IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KALLILE CAMERON, | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL WENEROWICZ, *et al.*, | : | |
| Respondents | : | NO. 12-2535 |

**REPORT AND RECOMMENDATION**

CAROL SANDRA MOORE WELLS
CHIEF UNITED STATES MAGISTRATE JUDGE                    September 25, 2012

Presently before the court is a Petition for Writ of Habeas Corpus filed by Kallile Cameron, ("Petitioner"), *pro se*, pursuant to 28 U.S.C. § 2254. Petitioner is a state prisoner serving a term of incarceration of ten (10) to twenty (20) years at the State Correctional Institution-Graterford in Graterford, Pennsylvania. Petitioner seeks habeas relief based on claims of ineffective assistance of trial counsel, trial court error and post-conviction court error. The Honorable Eduardo C. Robreno referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Petitioner not be afforded habeas relief.

**I. FACTUAL AND PROCEDURAL HISTORY**[1]

The Superior Court of Pennsylvania, quoting the trial court, summarized the evidence that led to Petitioner's conviction as follows:

> [This case concerns] an incident that occurred on October 30, 2003, in the area of Glenmore Avenue and 61st Street in Philadelphia. Sergeant Verdell Johnson of Southwest Detective Division was informed by another detective that [Petitioner] was wanted for a

---

[1] The facts set forth in this background and procedural history were gleaned from Petitioner's Habeas Corpus Petition and attached Memorandum of Law, inclusive of all exhibits thereto, the Commonwealth's Response, inclusive of all exhibits thereto, and the state court record.

>    shooting that occurred in the 6500 block of Gesner Street. Sergeant
> Johnson was given a description (green Pontiac) and tag number of
> the vehicle that had been involved in the shooting.
>    Sergeant Johnson and his partner, Officer Cynthia Cureton,
> noticed the green Pontiac while they were traveling northbound on
> 60th Street in a marked vehicle. They turned around to follow the car
> and noticed [Petitioner] driving. Once he was aware the police were
> following him, [Petitioner] led them on a high-speed chase through
> West Philadelphia. The chase led to Glenmore Avenue, a residential
> area, where [Petitioner] lost control of his vehicle and nearly trapped
> his car in a muddy lot. The police officers approached the vehicle
> with guns drawn and ordered [Petitioner] out of the vehicle with his
> hands up. [Petitioner] fired a weapon over his left shoulder at
> Sergeant Johnson. Both officers returned fire; Sergeant Johnson
> believed he hit [Petitioner] in the head area. [Petitioner] put the car
> in reverse and directed the car at Sergeant Johnson whereupon he
> dove into bushes to avoid being hit by [Petitioner's] vehicle.
> [Petitioner] freed his vehicle from the muddy lot and proceeded
> further on 61st Street.
>    The officers continued their pursuit and found [Petitioner's]
> vehicle parked near 2454 Millick Street – it had mud on the tires and
> its windows were shot-out. The officers also found a handgun in the
> backyard of 2454 Millick Street with blood on it. [Petitioner] was
> later apprehended at Temple Hospital around 5:00 p.m. where he had
> a gunshot wound to the neck and shoulder area. DNA tests were done
> months later and determined that the blood on the gun as well as
> blood on Sergeant Johnson's shirt matched [Petitioner's] blood.

*Commonwealth v. Cameron*, No. 1904 EDA 2005, slip op. at 1-2 (Pa. Super. Ct. Sept. 25, 2006) ("2006 Super. Ct. Op.") (quoting Trial Court opinion, 11/7/05, at 1-2).

Petitioner was arrested on October 30, 2003 and counsel was appointed. 2006 Super. Ct. Op. at 2. On November 18, 2004, counsel filed a petition seeking dismissal of the charges against Petitioner, pursuant to Pennsylvania's speedy trial rule, Pa. R. Crim. P. 600(G). 2006 Super. Ct. Op. at 2. On May 2, 2005, the motion was denied and jury selection commenced. *Id.* On May 5, 2005, the jury convicted Petitioner of attempted murder, aggravated assault and firearms offenses. *Id.* On May 16, 2005, Petitioner received a ten (10) to twenty (20) year sentence. *Id.* at 2-3. After

Petitioner's timely post-sentence motion was denied, he filed a timely notice of appeal. *Id.* at 3. On September 25, 2006, the Superior Court affirmed Petitioner's judgment of sentence.[2] *Id.* at 3-10. The Pennsylvania Supreme Court denied allowance of appeal ("*allocatur*") on March 20, 2007. *Commonwealth v. Cameron*, No. 519 EDA 2010, slip op. at 2 (Pa. Super. Ct. June 6, 2011) ("2011 Super. Ct. Op."). Petitioner did not seek *certiorari* in the U.S. Supreme Court.

On June 22, 2007 Petitioner filed a *pro se* petition for relief, pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-46 *et seq.* 2011 Super. Ct. Op. at 2. Counsel was appointed and filed amended and supplemental amended PCRA petitions in April 2009 and September 2009. *Id.* On January 8, 2010, the PCRA court sent Petitioner notice, pursuant to Pa. R. Crim. P. 907, that his claims lacked merit. 2011 Super. Ct. Op. at 2. On February 9, 2010, the PCRA court dismissed the PCRA petition. *Id.* Petitioner appealed and, on June 6, 2011, the Superior Court affirmed the PCRA court's decision.[3] *Id.* at 3-9. Petitioner sought re-argument, which the Superior Court denied. Response ("Resp.") at 7. The Pennsylvania Supreme Court denied *allocatur* on January 27, 2012. Petitioner did not seek *certiorari* in the U.S. Supreme Court.

---

[2] On direct appeal, Petitioner claimed that the trial court erred by: (1) denying his state law speedy trial motion and (2) making "off the cuff" remarks about facts in dispute during the jury instructions that prejudiced Petitioner. 2006 Super. Ct. Op. at 3.

[3] On PCRA appeal, Petitioner claimed that: (1) trial counsel was ineffective for failing to investigate evidence, specifically failing to test the clothing Petitioner wore on the day of the crime for gun powder residue; (2) trial counsel was ineffective for ignoring evidence that put into question the credibility of Sheena Stanford; (3) trial counsel was ineffective for stipulating to false and inadmissible evidence; (4) trial counsel was ineffective for failing to object to the trial court's "off the cuff" remarks about facts in dispute during the jury instructions that prejudiced Petitioner; (5) the PCRA court erred by denying Petitioner an evidentiary hearing; (6) the trial court's "off the cuff" remarks about facts in dispute during the jury instructions prejudiced Petitioner; and (7) the trial court erred by denying Petitioner's post-sentence motion to have the clothing Petitioner wore on the day of the crime tested for gun powder residue. 2011 Super. Ct. Op. at 3-9.

On April 30, 2012,[4] Petitioner filed the instant habeas corpus petition, claiming: (1) the PCRA court erred by denying him a hearing; (2) trial counsel was ineffective for failing to have the clothing he wore on the day of the crime tested for gunpowder residue; (3) trial counsel was ineffective for ignoring evidence that impeached Sheena Stanford's credibility; (4) trial counsel was ineffective for stipulating to allegedly false and inadmissible evidence; (5) trial counsel was ineffective for failing to object to the trial court's remarks, that concerned disputed facts, while it recharged the jury on aggravated assault; (6) the trial court abused its discretion by denying Petitioner's state law speedy trial motion; (7) the trial court abused its discretion by improperly re-instructing the jury in a manner that blurred the distinction between aggravated assault and attempted murder; and (8) the trial court abused its discretion by refusing to grant Petitioner's post sentence motion to have the clothing he wore on the day of the crime tested for gunpowder residue. Petition at 6-19. The Commonwealth responds that claims one and six are not cognizable, claims seven and eight are procedurally defaulted and the remainder lack merit. Resp. at 9-27. This court agrees.

## II. DISCUSSION

**A.     Non-Cognizable Claims One and Six - PCRA Court Error in Denying a Hearing and Trial Court Error in Denying a State Law Speedy Trial Motion**

Habeas relief is available only for violations of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). For this reason, claims based upon state law error are not cognizable. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Claim six concerns the trial court's resolution of Petitioner's state law speedy trial claim; hence, this claim is not cognizable. *Id.*

---

[4]The Clerk of Court docketed this habeas corpus petition on May 8, 2012. However, Petitioner is a *pro se* inmate, hence, his petition is deemed filed on the date he gave it to prison officials for mailing. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Petitioner declared, under penalty of perjury, that he placed his habeas petition in the prison mailing system on April 30, 2012. Petition at 25. Hence, this court will deem that as the filing date pursuant to *Burns*.

In addition, habeas relief can be granted only based upon the proceedings that actually resulted in the petitioner's conviction, not upon circumstances that occurred during the petitioner's state collateral proceedings. *See Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998). Therefore, claims premised upon delay or other problems encountered while seeking state collateral relief are inappropriate grounds for granting habeas relief. *See id.* Inasmuch as Petitioner's first claim is based upon alleged PCRA court error in denying Petitioner an evidentiary hearing, it is not cognizable and should be dismissed without review. *See id.*

B.     **Exhaustion and Procedural Default**

1.     **Basic Principles**

A habeas petitioner must exhaust state court remedies before obtaining habeas relief. 28 U.S.C. § 2254(b)(1)(A). The traditional way to exhaust state court remedies in Pennsylvania was to fairly present a claim to the trial court, the Pennsylvania Superior Court and the Pennsylvania Supreme Court. *See Evans v. Court of Common Pleas, Delaware County*, 959 F.2d 1227, 1230 (3d Cir. 1992). However, in light of a May 9, 2000 order of the Pennsylvania Supreme Court, it is no longer necessary for Pennsylvania inmates to seek *allocatur* from the Pennsylvania Supreme Court in order to exhaust state remedies. *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004).

If a habeas petitioner has presented his claim to the state courts, but the state courts have declined to review the claim on its merits because the petitioner failed to comply with a state rule of procedure when presenting the claim, the claim is procedurally defaulted. *See Harris v. Reed*, 489 U.S. 255, 262-63 (1989). When a state court has declined to review a claim based on a procedural default and the claim is not later addressed on the merits by a higher court, the habeas court must presume that the higher state court's decision rests on the procedural default identified by the lower

state court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).  Finally, when a habeas petitioner has failed to exhaust a claim and it is clear that the state courts would not consider the claim because of a state procedural rule, the claim is procedurally defaulted.[5] *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

Procedurally defaulted claims cannot be reviewed unless "the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.  In order to demonstrate cause, the petitioner must show that "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the state's procedural rule." *Id.* at 753 (citation omitted).  Examples of suitable cause include:  (1) a showing that the factual or legal basis for a claim was not reasonably available; (2) a showing that some interference by state officials made compliance with the state procedural rule impracticable; (3) attorney error that constitutes ineffective assistance of counsel. *Id.* at 753-54.

The fundamental miscarriage of justice exception is limited to cases of "actual innocence." *Schlup v. Delo*, 513 U.S. 298, 321-22 (1995).  In order to demonstrate that he is "actually innocent," the petitioner must present new, reliable evidence of his innocence that was not presented at trial.[6] *Id.* at 316-17, 324.  The court must consider the evidence of innocence presented along with all the evidence in the record, even that which was excluded or unavailable at trial. *Id.* at 327-28.  Once all this evidence is considered, the petitioner's defaulted claims can only be reviewed if the court is satisfied "that it is more likely than not that no reasonable juror would have found petitioner guilty

---

[5] A common reason the state courts would decline to review a claim that has not been presented previously is the expiration of the statute of limitations for state collateral review. *See Keller v. Larkins*, 251 F.3d 408, 415 (3d Cir. 2001).

[6] This evidence need not be directly related to the habeas claims the petitioner is presenting, because the habeas claims themselves need not demonstrate that he is innocent. *See Schlup*, 513 U.S. at 315.

beyond a reasonable doubt." *Id.* at 327.

  **2.**  **Procedurally Defaulted Claims Seven and Eight - Trial Court Error Concerning Remarks Made While Re-Instructing the Jury on Aggravated Assault and for Denying Petitioner's Post-Sentence Motion to Have the Clothing He Wore on the Day of the Crime Tested for Gunpowder Reside**

    **a.**  **Claim Seven**

Petitioner maintains that the trial court erred when re-instructing the jury concerning the elements of aggravated assault. Petition at 18. The Commonwealth responds that this claim is procedurally defaulted. Resp. at 25-26.

On direct appeal, Petitioner complained that the trial court's re-instruction to the jury concerning aggravated assault violated his right to be presumed innocent. 2006 Super. Ct. Op. at 9. The Superior Court concluded that any challenge to that jury instruction was waived, because trial counsel had failed to lodge a contemporaneous objection. *Id.* at 10 (citing *Commonwealth v. Forbes*, 867 A.2d 1268, 1274 (Pa. Super. Ct. 2005)). Petitioner's failure to timely object to the jury instruction constitutes a procedural default that bars habeas review. *See Werts v. Vaughn*, 228 F.3d 178, 194 (3d Cir. 2000). He has failed to advance any cause and prejudice to excuse this default or to provide new, reliable evidence of his innocence. Hence, Petitioner's defaulted claim may not be reviewed on its merits. *Keller v. Larkins*, 251 F.3d 408, 416 (3d Cir. 2001).

    **b.**  **Claim Eight**

Petitioner maintains that the trial court erred when it denied his post sentence motion to have the clothing he wore on the day of the crime tested for gunpowder residue. Petition at 19. The Commonwealth responds that this claim is procedurally defaulted. Resp. at 26-27.

Petitioner did not raise the substance of claim eight on direct appeal. *See* 2006 Super. Ct. Op.

at 3-10. Instead, he raised it during his PCRA appeal. *See* 2011 Super. Ct. Op. at 3, 6 n.2. The Superior Court found that the claim was waived, because it should have been raised on direct appeal. *Id.* at 6 n.2 (citing, *inter alia*, 42 Pa. Cons. Stat. Ann. § 9544(b)). This waiver constitutes a procedural default. *Robinson v. Coleman*, Civ. A. No. 10-265, 2011 WL 5447845, *3 (E.D. Pa. Nov. 4, 2011). As with claim seven, Petitioner has failed to adduce any cause and prejudice to excuse his default or to provide any new, reliable evidence of his innocence. Hence, defaulted claim eight should be dismissed and may not be reviewed on its merits. *Keller*, 251 F.3d at 416.

C.     **Relevant Standards to Determine the Merits of Claims Two Through Five**

    1.     **AEDPA Standard of Review**

Any claims adjudicated by a state court must be considered under the deferential standard of review established by AEDPA,[7] which provides that this court cannot grant habeas relief on a claim unless the state court's adjudication of it:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). The habeas statute also provides that any findings of fact made by the state court must be presumed to be correct; Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court's adjudication of a claim is contrary to United States Supreme Court precedent if the state court has applied a rule that contradicts the governing law set forth in Supreme Court

---

[7]AEDPA is the Antiterrorism and Effective Death Penalty Act of 1996.

precedent or if the state court confronts a set of facts which are materially indistinguishable from a decision of the Supreme Court and the state court arrives at a different result from the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). In determining whether a state court's decision was contrary to Supreme Court precedent, the habeas court should not be quick to attribute error. *See Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*). Instead, state court decisions should be "given the benefit of the doubt." *Id.* In this regard, it is not necessary that the state court cite the governing Supreme Court precedent or even be aware of the governing Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam*). All that is required is that "neither the reasoning nor the result of the state-court decision contradicts" Supreme Court precedent. *Id.*

If, however, the state court does correctly identify the governing U.S. Supreme Court precedent, unreasonable application analysis, rather than contrary analysis, is appropriate. *Williams*, 529 U.S. at 406. A state court decision constitutes an unreasonable application of Supreme Court precedent if the state court correctly identifies the governing legal rule but applies it unreasonably to the facts of the petitioner's case. *Id.* at 407-08. In making the unreasonable application determination, the habeas court must ask whether the state court's application of Supreme Court precedent was objectively unreasonable. *Id.* at 409. The habeas court may not grant relief simply because it believes the state court's adjudication of the petitioner's claim was incorrect. *Id.* at 411. Rather, the habeas court must be convinced that the state court's adjudication of the claim was objectively unreasonable. *Id.* In doing so, the habeas court is limited to considering the factual record that was before the state court when it ruled, *Cullen v. Pinholster*, 131 S.Ct. 1388, 1400 (2011), and the relevant Supreme Court precedent that had been decided by the date of the state court's decision. *Greene v. Fisher*, 132 S.Ct. 38, 44 (2011). Finally, when deciding whether a state

court's application of Supreme Court precedent was reasonable, it is permissible to consider the decisions of lower federal courts which have applied clearly established Supreme Court precedent. *See Fischetti v. Johnson*, 384 F.3d 140, 149 (3d Cir. 2004). However, the § 2254(d)(1) bar to habeas relief cannot be surmounted solely based upon lower federal court precedent; U.S. Supreme Court precedent must be the authority. *Renico v. Lett*, 130 S.Ct. 1855, 1865-66 (2010).

The Supreme Court, addressing AEDPA's factual review provisions in *Miller-El v. Cockerell*, 537 U.S. 322 (2003), interpreted § 2254(d)(2) to mean that "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Id.* at 340. A clear example of an unreasonable factual determination occurs where the state court erroneously finds a fact that lacks any support in the record. *Wiggins v. Smith*, 539 U.S. 510, 528 (2003). In that extreme circumstance, the presumption of correctness under § 2254(e)(1) is also clearly and convincingly rebutted. *Id.* If the state court's decision based on a factual determination is unreasonable in light of the evidence presented in the state court proceeding, habeas relief is not barred by § 2254(d)(2).[8] *Lambert,* 387 F.3d at 235.

### 2. Standard for Ineffective Assistance of Counsel

Petitioner has advanced four ineffective assistance of counsel claims. Such assertions must be evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner must show that "counsel's representation fell below an objective standard of

---

[8] Within the overarching standard of § 2254(d)(2), a petitioner may attack specific factual determinations made by the state court that are subsidiary to the ultimate decision. *Lambert*, 387 F.3d at 235. Here, § 2254(e)(1) instructs that the state court's factual determination must be afforded a presumption of correctness that the petitioner can rebut only by clear and convincing evidence. *Id.* A petitioner may develop clear and convincing evidence by way of a hearing in federal court if he satisfies the prerequisites for that hearing found in 28 U.S.C. § 2254(e)(2). *Lambert*, 387 F.3d at 235. In the final analysis, even if a state court's individual factual determinations are overturned, the remaining findings must still be weighed under the overarching standard of § 2254(d)(2). *Lambert*, 387 F.3d at 235-36.

reasonableness." *Id.* at 688. In making this determination, the court's scrutiny of counsel's performance must be "highly deferential." *Id.* at 689. The court should make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* In short, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.*

Second, the petitioner must show that counsel's deficient performance "prejudiced the defense" by "depriv[ing] the [petitioner] of a fair trial, a trial whose result is reliable." *Id.* at 687. That is, the petitioner must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. "A reasonable probability is a probability sufficient to undermine confidence in the outcome," *id.* at 694, but it is less than a preponderance of the evidence. *Id.* at 693, 694.

If the petitioner fails to satisfy either prong of the *Strickland* test, there is no need to evaluate the other part, as his claim will fail. *Id.* at 697. Further, counsel will not be found ineffective for failing to present an unmeritorious claim or objection. *Johnson v. Tennis*, 549 F.3d 296, 301 (3d Cir. 2008).

   3.   **Application of the Relevant Standards**

      a.   **Claim Two - Trial Counsel was Ineffective for Failing to Have the Clothing Petitioner Wore on the Day of the Crime Tested for Gunpowder Residue - Lacks Merit**

Petitioner maintains that trial counsel was ineffective for failing to have the clothing he wore on the day of the crime tested for gunpowder residue. Petition at 9. The Commonwealth responds

that the Superior Court reasonably determined that claim two lacked merit. Resp. at 16-18.

The Superior Court, upon Petitioner's PCRA appeal, found this claim unmeritorious because: (1) Petitioner had failed to establish that the clothing at issue was available for testing; and (2) Petitioner was not prejudiced, since there was overwhelming evidence of his guilt. 2011 Super. Ct. Op. at 5. More specifically, Officer Cureton and Sergeant Johnson both identified Petitioner as the person who led them on the high speed car chase and fired at Sergeant Johnson. *Id.* Other police officers found a handgun near Petitioner's abandoned car that had his blood on it and two witnesses confirmed the officers' account of the incident. *Id.*

The Superior Court's adjudication of Petitioner's claim was reasonable, hence, § 2254(d)(1) bars habeas relief. First, under *Strickland*, it is Petitioner's burden to prove that his counsel rendered ineffective assistance. 466 U.S. at 688-89. Thus, if he could not establish the factual premise for his claim, Petitioner could not meet his burden and counsel would not be found ineffective. Second, it is appropriate to consider the strength of the prosecution's case when evaluating prejudice. *Id.*, at 696; *Buehl v. Vaughn*, 166 F.3d 163, 172 (3d Cir. 1999) (Alito, J.). The evidence the Superior Court cited provides overwhelming evidence of Petitioner's guilt. Thus, he was not prejudiced. *Strickland*, 466 U.S. at 696; *Buehl*, 166 F.3d at 172.

      **b.**      **Claim Three - Trial Counsel was Ineffective for Ignoring Evidence that Could Have Undermined Sheena Stanford's Credibility - Lacks Merit**

Petitioner claims that trial counsel was ineffective for failing to impeach Sheena Stanford based upon her criminal background. Petition at 11. The Commonwealth responds that the Superior Court reasonably determined that Petitioner's claim lacked merit. Resp. at 18.

The Superior Court concluded that Petitioner suffered no prejudice, because Ms. Stanford's

testimony was merely cumulative of that provided by Officer Cureton and Sergeant Johnson. 2011 Super. Ct. Op. at 6.  Hence, even if trial counsel had impeached Ms. Stanford with her prior criminal history, overwhelming record evidence established that Petitioner was the perpetrator of the charged offenses.  *Id.*

The Superior Court reasonably applied *Strickland*.  First, it is appropriate to consider the strength of the prosecution's case when evaluating prejudice.  *Strickland*, 466 U.S. at 696; *Buehl*, 166 F.3d at 172.  Second, Ms. Stanford's testimony, (N.T. 5/4/05) at 197-200), was consistent with the testimony Sergeant Johnson (N.T. 5/3/05 at 103-107), and Officer Cureton, (N.T. 5/4/05 at 12-17),  had already provided.  That is, all three witnesses stated that: on October 30, 2003, Sergeant Johnson and Officer Cureton followed Petitioner while he was driving a green Pontiac Bonneville in Philadelphia; when Petitioner tried to make a turn at 61st and Glenmore, he lost control of his car, which stopped; Sergeant Johnson and Officer Cureton exited their marked police car and ordered Petitioner, the driver, and Ms. Stanford, the passenger, to exit the vehicle; Ms. Stanford did so, running away from the scene; Petitioner did not, instead, he fired at Sergeant Johnson and then drove away.  Hence, discrediting Ms. Stanford would not have altered the basic evidentiary record before the jury, which overwhelmingly proved that Petitioner was the perpetrator.  Because the Superior Court reasonably determined there was no prejudice, § 2254(d)(1) bars habeas relief.

### c.   Claim Four - Trial Counsel was Ineffective for Stipulating to Allegedly False and Inadmissible Evidence - Lacks Merit

Petitioner's claim that trial counsel was ineffective for stipulating to allegedly false and inadmissible evidence is stated vaguely.  *See* Petition at 12-13; Petitioner's Memorandum of Law ("Pet. Mem") at 8-9.  However, in the state courts, Petitioner claimed that trial counsel was

ineffective for stipulating that his blood was drawn at Temple University Hospital ("Temple") while he was treated for a gunshot wound; Petitioner denied receiving medical treatment at Temple. 2011 Super. Ct. Op. at 7; *Commonwealth v. Cameron*, CP-51-CR-12101121-2003, slip op. at 5-6 (Phila. Cty. July 29, 2010) ("PCRA Ct. Op."). The Commonwealth responds that the state courts reasonably determined that Petitioner's claim lacked merit. Resp. at 18-20.

The Superior Court resolved claim four by adopting the PCRA court's decision. 2011 Super. Ct. Op. at 7. The PCRA court found, as a matter of fact, that the record conclusively proved that Petitioner was treated at Temple. Trial counsel had one or two pages of Petitioner's medical records and Petitioner admitted to the trial court that he had requested the records while still a patient at Temple. PCRA Ct. Op. at 6 (citing N.T. 5/2/05 at 29-31). Furthermore, Sergeant Johnson and Officer Cureton testified credibly that they had identified Petitioner while he was at Temple. PCRA Ct. Op. at 6.

Petitioner's claim is belied by the record. Under AEDPA, Petitioner must rebut the state court's fact-findings by clear and convincing evidence. 28 U.S.C. § 2254 (e)(1). He can rebut the state court's finding that he told the trial court he had requested his medical records while still in the hospital, because the transcript the PCRA court relied upon to support this finding lacks any evidence that Petitioner said he had requested his medical records while in the hospital.[9] *See* (N.T. 5/2/05 at 29-31). Since the state court's precise fact-finding on this point is completely bereft of record support, it is not presumed correct and is unacceptable. *See Wiggins*, 539 U.S. at 528. However, the state court's other fact-findings are supported by the record because trial counsel did tell the court that he had "a page or two" of Petitioner's medical records, (N.T. 5/2/05 at 29), and

---

[9]To the contrary, Petitioner stated that, prior to trial, he had requested gunpowder residue testing on the clothes he wore on the day of the crime. (N.T. 5/2/05 at 30-31).

Sergeant Johnson, (N.T. 5/3/05 at 116-17), and Officer Cureton, (N.T. 5/4/05 at 19-20), both testified that they identified Petitioner at Temple. These un-rebutted fact-findings must be presumed correct, § 2254(e)(1), and they are sufficient to defeat Petitioner's claim, because, if he did receive medical treatment at Temple, his false assertion that he was never treated at Temple would not justify finding that trial counsel was ineffective. *See Johnson*, 549 F.3d at 301 (counsel cannot be ineffective for failing to raise a meritless argument).

### d. Claim Five - Trial Counsel was Ineffective for failing to Object to the Trial Court's Comments While Re-Instructing the Jury on Aggravated Assault - Lacks Merit

Petitioner claims that trial counsel was ineffective for failing to object to the trial court's remarks, which concerned allegedly disputed evidence, while re-instructing the jury on aggravated assault. Petition at 15. The allegedly disputed evidence is whether Petitioner shot a gun at the police officers. *Id.* Petitioner further asserts that the trial court's instruction impermissibly blurred the distinction between aggravated assault and attempted murder. *Id.* The Commonwealth responds that the ineffective assistance claim lacks merit. Resp. at 20-22.

The Superior Court concluded that trial counsel was not ineffective and Petitioner suffered no prejudice because: (1) any objection would have lacked merit; (2) the trial court properly instructed the jury concerning aggravated assault; and (3) the evidence produced at trial conclusively proved that Petitioner did fire a gun at the police officers. 2011 Super. Ct. Op. at 8-9.

The state court's resolution of Petitioner's claim was reasonable. First, if the underlying objection lacked merit, it would be impossible to find that trial counsel was ineffective. *Johnson*, 549 F.3d at 301. Second, whether the trial court's re-instruction accurately explained the elements of aggravated assault is a question of state law, which this court cannot re-examine and must accept.

*See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Third, in light of the consistent testimony of Sergeant Johnson, (N.T. 5/3/05 at 107), Officer Cureton, (N.T. 5/4/05 at 16), and Ms. Stanford, (N.T. 5/4/05 at 199), it was reasonable to conclude that there was no genuine dispute concerning whether Petitioner fired a gun at the police officers.  Hence, § 2254(d)(1) bars habeas relief.

### III.  CONCLUSION

Claims one and six are not cognizable, claims seven and eight are procedurally defaulted and claims two through five lack merit, when evaluated under the appropriate standard of review.  Reasonable jurists would not debate the appropriateness of this court's procedural or substantive disposition of his claims; therefore, a certificate of appealability should not issue.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, I make the following:

### RECOMMENDATION

**AND NOW**, this 25th day of September, 2012, for the reasons contained in the preceding Report, it is hereby **RECOMMENDED** that claims one, six, seven and eight be **DISMISSED** and that claims two through five be **DENIED**, without an evidentiary hearing.  Petitioner has neither demonstrated that any reasonable jurist could find this court's rulings debatable, nor shown denial of any Constitutional right; hence, there is no probable cause to issue a certificate of appealability.

Petitioner may file objections to this Report and Recommendation within fourteen (14) days of being served with a copy of it.  *See* Local R. Civ. P. 72.1(IV).  Failure to file timely objections may constitute a waiver of any appellate rights.

It be so **ORDERED**.

    */s/ Carol Sandra Moore Wells*
CAROL SANDRA MOORE WELLS
Chief United States Magistrate Judge